2 Wh 273
216      480

[PHILADELPHIA, FEBRUARY 13th, 1837.]

The PHILADELPHIA, GERMANTOWN and NORRISTOWN RAIL-ROAD COMPANY *against* SMICK.

IN ERROR.

Under the act of 17th February, 1831, incorporating the Philadelphia, Germantown and Norristown Rail Road Company, where an appeal has been entered by the owner of land upon which the road has been constructed, from the report of the jury appointed to estimate the damages, the Court may order an issue to be made up between the parties, in an action of trespass *quare clausum fregit.*

WRIT of error to the Court of Common Pleas for the City and County of Philadelphia.

By an act of the legislature of Pennsylvania, passed on the 17th day of February, 1831, a company was incorporated for the purpose of making a rail-road from the city of Philadelphia to the borough of Norristown. The 15th section provided that whenever it should be necessary for the officers of the company to enter upon and occupy any land for the purposes of the road, if the owner of the land should refuse to permit the entry, and the parties should not be able to agree on the compensation to be made, it should be lawful for the Court of Common Pleas of the county, to appoint six persons to view and examine the land, and estimate the injury or damage sustained; and to make report thereon to the Court; and if the report should be confirmed by the Court, judgment was to be entered thereon: *Provided,* that either party might appeal from such report in the same manner as appeals are allowed under the arbitration act of 1810.

VOL. II.                    35

(Rail-road Co. *v.* Smick.)

In pursuance of the directions of this act, the company applied to the Court of Common Pleas for the City and County of Philadelphia, on the 20th of November, 1834, for the appointment of a jury of six men to view the land of George W. Smick, and estimate the injury or damage sustained by him, in consequence of the construction of the road.

On the 22d January, 1835, the report of the jury was filed awarding that Smick had sustained "no damages."

On the 5th of February, 1835, Smick appealed.

On the 2d of May, 1835, the Court ordered the plaintiff, (Smick,) to file a declaration in trespass *vi et armis*, and the defendants to plead to issue.

On the 21st of September, 1836, a declaration in *trespass vi et armis quare clausum-fregit* was filed, laying the trespass to have been committed "on the first day of January, 1830, and on divers days and times, between that day and the day of the impleading in this case." The defendants pleaded *non cul*, justification, with leave &c.; and

On the 26th of October, 1836, a verdict was rendered for the plaintiff, for $500.

On the 28th of October, 1836, motions were made for a new trial, and in arrest of judgment; which motions were dismissed on the 8th of November, 1836; and on the first of December, 1836, judgment was entered on verdict.

The defendants took a writ of error, and filed the following specifications:

1. "The Court below erred, in making the order of May 2d, 1835, that the plaintiff, (Smick,) should declare in *trespass vi et armis*, and defendant, (the Company,) plead to that issue: and also in giving said Smick the position of plaintiff, and the Company that of defendants.

2. The pleadings show a cause of action inconsistent with the previous proceedings under the act of 17th February, 1831, the real matter in dispute not being an *illegal* entry on the lands of the defendant in error—wherefore the Court below erred in entering judgment on the verdict.

3. The Court below erred, in entering judgment on the verdict, because the declaration alleged an entry and occupation of, and trespass on the lands of defendant in error, by the plaintiffs in error, as a corporation, previous to the existence of the corporation; and because the additional allegation in the declaration of 'divers days and times between that day and the day of impleading in this case,' is uncertain, evasive and bad."

(Rail-road Co. *v.* Smick.)

Mr. *Miles,* for the plaintiff in error, contended that the Court below was wrong, in directing the plaintiff to file a declaration in *trespass vi et armis.* He cited *Wells* v. *Fox,* (1 *Dallas,* 308.) *Boas* v. *Nagle,* (3 *Serg. & Rawle,* 353.)

Mr. *Jack,* contra, was stopped by the Court.

PER CURIAM.—It was unnecessary to direct an issue at all; and the order to declare in trespass was, at the worst, no more than surplusage. The jury might have assessed the damages on the foot of the appeal. But even were an issue necessary, its form would necessarily be a matter within the discretion of the Court directing it; and it would be hard to devise a more convenient form than the one adopted. The form, however, would not be suffered to stand in the way of the merits. In the actions brought against the state, by Pennsylvania claimants, whose titles had been divested in favour of the Connecticut claimants, compensation was usually assessed on a declaration for money had and received. We are to suppose that the damages here, are commensurate with the injury; and we will not look narrowly into subordinate matters.

Judgment affirmed.