## Appeal of the Borough of Chartiers; Re Ordinance No. 34 of the Borough of Chartiers.

The court of quarter sessions has power to decide any complaint in relation to the laying out and widening of sidewalks; and its final order thereupon is conclusive upon all parties and upon this court.

Complaint of any grievance in consequence of any ordinance, regulation, or act, done or purporting to be done in virtue of the borough act of 1851—as, the regulation of the width of a foot walk, by a borough—may be made to the court of quarter sessions.

(Argued November 9, 1886. Decided January 3, 1887.)

October Term, 1886, No. 209, W. D., before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Certiorari sur appeal to the Quarter Sessions of Allegheny County to review proceedings instituted under the general borough law of 1851 and its supplement of May 22, 1883. Affirmed.

April 25, 1885, Michael O'Keefe presented a petition to the quarter sessions of Allegheny county, representing that he and his wife were owners of lands in Chartiers borough fronting on Fourth avenue; that said avenue is at least 55 feet wide and should have a sidewalk 11 feet wide; that said borough has, by ordinance No. 34, provided that a sidewalk along said avenue shall be of the uniform width of 8 feet; that said sidewalk, as constructed on the south side of said avenue prior to the passage of such ordinance, is uniformly of the width of 11 feet, and that by said ordinance petitioner's properties will be injured in their rental and salable values, and the public inconvenienced.

The court ordered that notice be given to the borough, and that it be required to answer, and proceedings stayed in the meantime. Subsequently, a petition of residents and property holders was presented, asking for sidewalks 11 fet in width. The borough moved to dismiss the petition of O'Keefe for want of jurisdiction.

After hearing, the court delivered the following opinion:

"Section 27 of the borough act of April 3, 1851, provides that 'complaint may be made to the next court of quarter sessions, . . . by any person . . . aggrieved in consequence of any ordinance, regulation, or act done . . . in virtue of this act,' and it expressly declares that such complaint may be made in reference to the regulations about foot walks, as well as other matters mentioned.

"The powers given in the act to the borough councils were very extensive; hence, the propriety of giving the courts a supervisory jurisdiction over them.

"It is evident that the power given to the courts, in the language above quoted, means more than a power to declare ordinances illegal, for the courts possess that power independent of that section. It has a wider scope. It embraces ordinances and regulations which, although legal in the sense that they are strictly within the powers of the borough authorities, are a grievance to some of the citizens.

"Webster defines the word 'aggrieve'—'to give pain or sorrow, to afflict, to oppress or injure, to vex, to harass.' Grievance is an injury, a wrong done, that which gives ground of complaint, because it is unjust or oppressive.

"The ordinance requires the owners of property on that por-

tion of Fourth avenue between Chartiers Valley Railroad and the bridge over Chartiers creek, to construct foot walks of two-inch pine plank, laid on sills of a uniform width of 8 feet. It is admitted that the foot walk in front of the complainant's property, and in fact along the entire southern side of that portion of the avenue, is in all respects what the ordinance requires, except that it is 11 feet wide. The real question before us is, Shall these property holders be required to take up their plank and sills and reconstruct their foot walks 8 feet wide?

"The avenue is 55 feet wide. The usual width of sidewalks in cities is one fifth the width of the street. By that rule, these sidewalks should be 11 feet wide, leaving the wagon way 33 feet wide. That certainly would be sufficient for all purposes. Several leading streets in Pittsburgh have a less width. More inconvenience is experienced from narrow sidewalks than narrow wagon ways. We think the borough of Chartiers will make a great mistake in not fixing these sidewalks at 11 feet. This avenue is the main thoroughfare to and from the railroad station. The bridge over the creek, over which all vehicles must pass, is not more than 16 or 18 feet wide—only one half the width of a wagon way of 33 feet. There seems, therefore, no necessity for making a wagon way of more than 33 feet.

"But if the citizens of the borough want sidewalks of only 8 feet wide, it is not for the court to say they shall be 11 feet wide. It appears, however, from the petition filed in this case, that a large number of the citizens, if not a majority, want these sidewalks 11 feet wide. No doubt if the matter is properly presented to the borough councils, they will reconsider the subject, and pass a new ordinance.

"In the statement of facts, or in the answer of the borough authorities to the rule, it is not asserted or claimed that there is any necessity or need for a wagon way of more than 33 feet, or for reducing the sidewalk on the south side to 8 feet. To require the property holders on that side to take up their present new and good sidewalk, and be at the expense of replacing it 3 feet narrower, is, therefore, a grievance; it is subjecting them to vexation and expense for no good purpose; it is unjust and oppressive. We think they are 'aggrieved,' within the strict meaning of the act of assembly, and are entitled to relief.

"Hoping that the controversy between the citizens as to the proper width of the sidewalks will be amicably settled by them-

selves, we shall make no further order at present than restraining the borough authorities from interfering with the present sidewalk on the south side of the avenue, so long as it remains in good condition.

"And now, April 3, 1886, it is ordered that the borough authorities be and are hereby restrained and enjoined from interfering with the present sidewalk on the south side of Fourth avenue, between Chartiers Valley Railroad and the bridge over Chartiers creek, so long as the said sidewalk remain in good condition."

The assignments of error specified the action of the court in making the order of April 3, 1886, and in not dismissing the petition.

*O. R. Cooke* and *W. B. Rodgers* for appellant.

*E. Edgar Galbreth* and *D. F. Patterson* for appellees.

OPINION BY MR. JUSTICE GREEN:

The proceedings in this case are under the general borough law of 1851, as amended by the supplement of May 22, 1883 (P. L. 39). By the terms of the law as amended express and conclusive power is given to the court of quarter sessions of the proper county to entertain and decide any complaint made by a "person or persons aggrieved by any regulation under the provisions of this act in relation to the laying out, widening, and straightening the roads, streets, lanes, alleys, courts, and common sewers (foot walks, pavements, gutters, culverts, and drains), or of the opening, grading, or other regulations thereof."

It is also provided that "the final order of the said court shall be conclusive."

As the court below has made a final order upon the complaint of one claiming to be aggrieved, that order is conclusive and there is nothing before us but a question of jurisdiction. We are quite unable to discover any valid objection to the jurisdiction of the complaint in the court below. The second clause of § 27 of the act of 1851 authorized complaint to be made to the court of quarter sessions, of "any grievance in consequence of any ordinance, regulation, or act, done or purporting to be done, in virtue of this act."

The fourth clause of § 2 of the same act conferred power upon all boroughs "to regulate the roads, streets, lanes, alleys, courts, common sewers, public squares, common grounds, foot walks, pavements, gutters, culverts, and drains;" clearly with language so broad as this we cannot deny the power of the quarter sessions to entertain and determine the complaint in the present case.

The ordinance, No. 34, regulated the foot walk in front of the complainant's property and fixed its width at 8 feet. This, the complainant alleged, did him an injury in various ways pointed out in the petition; and the court has found the fact of the injury, as stated in the opinion. Of course we cannot review this finding; and if we could, we are bound to say that the reasons given by the learned court below for its finding are quite satisfactory to us. It is not a question of some minute and unimportant exercise of mere discretionary power in the borough councils that is presented by the complaint; and hence, it is not obnoxious to the objection that such matters must be regarded as confided exclusively to the authority of the councils without any right of supervision by the courts. It is the width and character of the foot walk in front of the citizen's lot and buildings that constitute the subject-matter of the ordinance. This is a subject which may materially affect both the convenience of the owner in the enjoyment of his property and also the value of the property itself. But however that may be the court of quarter sessions has a supervisory power which, when exercised, is conclusive upon all parties and upon us.

Decree affirmed.