# Joseph B. Bredin *v.* Pittsburg & Western Railway, Appellant.

[Marked to be reported.]

*Railroads—Condemnation proceedings—Appointment of viewers.*

On a certiorari by a railroad company to an order of the court of common pleas overruling objections to the appointment of viewers in condemnation proceedings, the proceedings will not be reversed by the Supreme Court where the railroad company's objections are grounded on matters of fact affecting title, which are not admitted.

Argued Oct. 16, 1894.   Certiorari No. 194, Oct. T., 1894, by defendant, from order of C. P. Butler Co., March T., 1884, No. 12, overruling objections to the appointment of viewers. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Petition for appointment of viewers.

From the record it appeared that, on Dec. 22, 1883, Joseph B. Bredin petitioned the court to appoint viewers to assess damages for injuries caused by the construction of a railroad in Butler borough.

The railroad company filed an answer to the petition in which they averred that, on April 12, 1879, Nancy Bredin, who was then the owner of the land, executed a deed to the Pittsburg & Butler Railway Company by which she granted a right of way over the said land. The deed contained the following clause:

" The grantor has been fully paid for the damages done to or that may be done to her property by the location and construction of said railway. This grant is on the condition that said railway shall be constructed and in running order within three years from date, and the right to take materials not to include timber, nor the right to remove or carry away any other materials off said land for construction elsewhere, except dirt necessarily removed, and that Mrs. Bredin is to have a free pass for self and family."

The answer further averred that the rights of petitioner were acquired after this grant and after the location and construction of the railroad, and that the rights of the Pittsburg & Butler Railway Company in said right of way became vested in the Pittsburg & Western Railroad Company.

Petitioner filed a replication averring that he acquired title under the will of his mother on June 7, 1881, and that defendant company did not commence to construct the road until September, 1881, and did not complete the same until January, 1883.

In answer to a protest from defendant company (mentioned below), petitioner filed the following motion:

" And now, June 8, 1894, this case having been called up for argument and the Pittsburg and Western Railway Company having filed a protest against the court hearing the argument of the rule to show cause, or granting the petition for viewers, for the reasons that, since the petition for viewers and granting of the rule to show cause why they should not be appointed, all the railroads, land, rights and franchises and all the property of the Pittsburg and Western Railroad Company were sold by a commissioner, by virtue of an order and decree of the Circuit Court of the United States for the Western District of Pennsylvania, and the ancillary decree of the Circuit Court of the United States for the Northern District of Ohio, on the 8th day of June, 1887, to John T. Terry, Anthony J. Thomas, J. Lowber Welsh and Charles H. Coster, and that the said commis-

sioner did, by virtue of an order of said court of the United States for the Western District of Pennsylvania, on June 24, 1887, make, execute and deliver his deed to the said purchasers, conveying to them all the property of the Pittsburg and Western Railroad Company, and that the said purchasers, on June 25, 1887, met and organized a new corporation, ' The Pittsburg and Western Railway Company,' and on July 11, 1887, filed the certificate thereof in the office of the Secretary of the Commonwealth at Harrisburg; and the protest further setting forth that the Pittsburg and Western Railroad Company, by reason of said sale, ceased to exist as a corporation, and to have or exercise corporate privileges or functions, and to have title in or to any part of said property sold; and the said protest further setting forth that The Pittsburg and Western Railway Company claim to be the owner of the said land by reason of this purchase under said sale of the rights of the Pittsburg and Western Railroad Company; and neither the answer of the said Pittsburg and Western Railroad Company to the rule to show cause, nor the protest of the Pittsburg and Western Railway Company, having set forth that they have paid the plaintiff, Joseph B. Bredin, the damages caused to him by the construction of said railroad over his land, the court is respectfully asked for leave to join the Pittsburg and Western Railway Company as co-defendant with the Pittsburg and Western Railroad Company in said petition for viewers."

Defendant objected to the court allowing this amendment and appointing viewers, because :

" 1. It is too late, more than ten years having elapsed since the filing of the petition sought to be amended.

" 2. That more than six years have elapsed since the exceptant became the owner and went into possession of said right of way under purchase at a judicial sale.

" 3. The exceptant is the owner of the land or right of way by a title paramount to that of J. B. Bredin, plaintiff.

" 4. That Nancy Bredin, under whom the plaintiff claims, admitted in her deed, copy of which is on file, that she had been fully paid for the damages done or that may be done to said property, and the petitioner is not entitled to have damages assessed, respondent's title not being denied.

" 5. That upon the pleadings filed the court has no jurisdiction to allow amendment or appoint viewers."

The court overruled the exceptions, allowed the amendment, and appointed viewers.

*Errors assigned* were (1) in overruling objections to amendment, quoting objections; (2) in appointing viewers, the title of the appellant, under deed of Nancy Bredin, not being denied by appellee; (3) in not refusing to allow amendment of appellee's petition and to appoint viewers for want of jurisdiction appearing on face of record; (4) in not refusing to appoint viewers until after appellee had established his right to have damages by verdict of a jury and judgment thereon in ejectment.

*R. P. Scott*, for appellant.—In a proceeding under the act of Feb. 19, 1849, P. L. 84, against a railway company to assess damages caused by location and construction of their road, an objection as to the quantum of title in the petitioner, or that it was erroneously set forth in the petition must be made at the time of the application for viewers: Church v. Ry., 45 Pa. 339.

Irregularities in the initial proceedings to assess railway damages, must be brought up by certiorari to set them aside. Appeal waives irregularities: R. R. v. Burson, 61 Pa. 379.

*Stephen Cummings*, for appellee.—Viewers of damages for right of way may pass upon the title to land taken so far as to determine who are entitled to damages: Weinbiddle v. R. R., 2 Grant, 31; Directors of the Poor v. R. R., 7 W. & S. 236; Ry. v. Swank, 105 Pa. 555; Fulmer v. R. R., 1 Pa. C. C. 46; Hermer v. R. R., 1 Pa. C. C. R. 43; Campbell v. Ry., 137 Pa. 574.

If the decree of the United States court had not been made the Pittsburg and Western Railway Company, when they purchased the rights and franchises of the Pittsburg and Western Railroad, would have those rights and franchises, subject to the payment of the damages occasioned to the owners of the land by reason of the construction of the road: R. R. v. Harvey, 107 Pa. 319.

The statute of limitations does not apply to proceedings to assess damages for the construction of a railroad: Seipel v. R. R., 129 Pa. 425; McClintock v. R. R., 66 Pa. 404.

PER CURIAM, Jan. 7, 1895:

This certiorari brings before us nothing but the record proper of the court below. There is nothing in it that is sufficient to convict the court of error in allowing the amendment, or in appointing the viewers. Defendant company's main objections to the latter are grounded upon matters of fact which are not admitted and upon which we cannot undertake to pass at this stage of the proceedings. As to the alleged grant of the right of way by Mrs. Nancy Bredin in April, 1879, the paper itself shows that said grant was "on the condition that said railway shall be constructed and in running order within three years from date." It is not even alleged that this condition was performed by the grantee of said right of way, or by any company claiming through or under said grantee. On the contrary, it is stated in defendant's history of the case that it "entered upon, located and constructed its railroad over and across said land, completing and putting the same in operation in January 1883,"—about nine months after the time, named in said condition, had expired. In plaintiff's replication, denying the allegations contained in the 4th paragraph of defendant's answer, he avers that, under the last will of his mother, Mrs. Nancy Bredin, duly probated etc., the title to the land appropriated by said company defendant became vested in him on the 7th day of July,1881, and that defendant company did not commence to construct its road over said premises until long afterwards, the        day of September, 1881, and did not complete the same until January, 1883.

Other questions of minor importance are suggested by defendant's objections to the appointment of viewers, but it is neither necessary nor proper to consider them at present. If it should ever become necessary, these and other questions of fact can be better settled by proceeding in the regular and orderly way. The viewers have full power to inquire and report, inter alia, what, if any, damages should be paid by defendant company, and to whom payable. An attempt to anticipate and settle all questions, both of law and fact, before viewers are even appointed, is at least suggestive of obstructive proceedings. Neither of the specifications of error is sustained.

Proceedings affirmed, without prejudice, and appeal dismissed with costs to be paid by appellant; and it is ordered that the record be remitted with a procedendo.