## Klenke v. West Homestead Borough, Appellant.

*Road law—Borough street—Change of grade—Act of May 24, 1878, P. L.* 129.

A petition under the Act of May 24, 1878, P. L. 129, sufficiently avers a change of grade, where it states that the borough by its officers and agents entered upon a street abutting the petitioner's property, and excavated to a depth of about twenty to twenty-five feet, removing the support to the lot, and destroying the fence, shrubbery and trees.

It is not necessary that such a petition should state that the change of

grade was without the consent of the petitioner, or that the borough authorities and the petitioner had failed to agree on the amount of proper compensation to be paid.

In a proceeding to assess damages for a change of grade an objection will not be sustained to the sufficiency of a statement filed of record, inasmuch as the case may be tried without a statement.

Where a property is located in a township on a street shown on a plan of lots, and subsequently a borough is incorporated, and the street to its full width becomes a street of the borough, and it appears that over a portion of the street there was an old township road less than half the width of the street, the borough in changing the grade between the line of a lot and the old township road, is liable in damages to the owner of the lot affected by the change of grade.

Argued Oct. 24, 1906. Appeal, No. 104, Oct. T., 1906, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1903, No. 523, on verdict for plaintiff in case of Rosa Klenke v. West Homestead Borough. Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Appeal from jury of view. Before MACFARLANE, J.

The facts are stated in the opinion of the Supreme Court.

The defendant presented the following points:

1. If the jury believe that the grade of the old township road has not been lowered in front of plaintiff's property, plaintiff is not entitled to recover. *Answer :* Refused. [1]

2. Under the pleadings in this case, the plaintiff is not entitled to recover. *Answer :* Refused. [2]

3. Under the law and the evidence in this case, the plaintiff is not entitled to recover. *Answer :* Refused. [3]

The court charged in part as follows:

[While that was a township no one had a right to change the grade of the portion of this eighty-foot street between the township road and Mrs. Klenke's front line by any proceeding that I know of, except the township might possibly get the road widened in some way, but unless there was some new proceeding that would give Mrs. Klenke a right of action no one could interfere with that part of the street. This for the reason that in townships when a plan of lots is laid out and a street laid out on it, that is simply for the benefit of all the people in that plan of lots. Of course it may be used in

such a way as to become a public street, but it is not like a borough street where every man knows when he buys a piece of property that the borough authorities have a right to change the grade, and are liable to do it. So that when Mrs. Klenke bought here she bought as it stood then, not in a borough, but in a township, and knowing that there was liable to be a change of grade in the township road, the thirty-three feet, but none in the rest of the street. In other words, she took her risk as to the changes in the township road.

But as to the change on the other by the borough from the old township road over to his line, under the evidence that was introduced by the plaintiff, if you believe it—and it is not in dispute really, the evidence is brought from the borough office in the form of ordinances—if you believe that, and that the railroad company or the street railway company, or the borough itself, did this actual digging and made a change in the natural grade which existed, in pursuance of an ordinance fixing that grade, which changed it from the natural surface, then the plaintiff would be entitled to recover.] [4]

Verdict and judgment for plaintiff for $1,770. Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*John G. Silveus,* for appellant.

*John F. Cox,* for appellee.

OPINION BY MR. JUSTICE BROWN, January 7, 1907:

When appellee purchased her property it was situated in Mifflin township, Allegheny county. It was on a plan of lots, according to which there was a street in front of it eighty feet wide, known as Eighth avenue. Over a portion of this street, on the north side, there was an old township road thirty-three feet wide. Appellee's property fronted on the south side of the street. The south line of the township road was about forty-one feet from the north line of the property. The borough of West Homestead was incorporated in 1900, about three years after the appellee had received her deed, and Eighth avenue became one of its streets. The surface of Eighth avenue sloped down towards the north from the front

of appellee's lot until it reached the old township road. The borough of West Homestead, by ordinance, fixed the grade of Eighth avenue in front of appellee's property, and in October, 1902, excavations were made along it, causing the damages for which this action was brought.

One of the contentions of the appellant is that the viewers were improperly appointed under the Act of May 24, 1878, P. L. 129, because the petition for their appointment fails to allege a change of grade by the borough authorities. It avers that the borough of West Homestead, by its officers and agents, entered upon Eighth avenue, upon which the petitioner's property abuts, and excavated to a depth of about twenty to twenty-five feet, removing the support to the lot and destroying the fence, shrubbery and trees; and the prayer is for the appointment of viewers to view the premises and assess damages for the " excavation and change of grade." The act provides for the appointment of viewers whenever the proper authorities of any borough, within this commonwealth, have changed or may hereafter " change the grade or lines of any street or alley, or in any way alter or enlarge the same," causing damage to the owner or owners. Under the words " change the grade or lines of any street or alley, or in any way alter or enlarge the same," the averments of the petition were sufficient to entitle the petitioner to the appointment of viewers. Another objection is that it does not appear on the face of the petition that the change of grade or alteration of the street was without the consent of the petitioner, or that the borough authorities and she had failed to agree upon the amount of proper compensation to be paid. In Seaman v. Borough of Washington, 172 Pa. 467, we said : " The presenting of a claim for damages to council is no part of the statutory requirement, nor is an unsuccessful attempt to agree a jurisdictional fact essential to recovery. The mere absence of consent of the owner to the change is of itself alone sufficient to enable a recovery, so also is a mere failure to agree." Even if the petitioner had consented to the change, unless such consent amounted to an express release of damages, she is not estopped from claiming them. The fact that she presented her petition, asking for the appointment of viewers to assess the damages, is presumptive evidence that she had not released

them, and the complaint that she makes of the injury to her property, caused by the change of the grade in the street, is also evidence, in the first instance, that she did not consent to it. While the petition might have followed the act of 1878 more closely, no jurisdictional fact that ought to appear in it has been omitted from it. The order to the viewers showed that they were appointed to assess any damages the petitioner might have sustained by reason of the change of the grade of Eighth avenue, and they reported that the damages allowed had been caused by the change of the grade of that street. The objections to the petition are extended to the statement that was filed. It does not appear that any form of issue was directed by the court. Upon the filing of the petition by the appellee it had acquired jurisdiction to direct the ascertainment of any damages she might have sustained by a change or alteration of the grade of the street. That was the question submitted to the jury under correct instructions, and the judgment on their verdict is not to be disturbed because the statement is alleged to be insufficient, for a case like this might have been tried without one : Philadelphia, Germantown and Norristown Railroad Co. v. Smick, 2 Whart. 273.

The natural grade of Eighth avenue in front of appellee's property, between it and the south line of the old township road, was changed by the borough of West Homestead and the street between these points was altered by it. Immediately in front of the property the cut made is, according to the testimony, from fifteen to eighteen feet. If she has been damaged by this change of the natural grade of the street, as it existed at the time she purchased the property and when Eighth avenue became one of the streets of the borough of West Homestead, her right to recover is not open to question : Borough of New Brighton v. United Presbyterian Church, 96 Pa. 331; Borough of New Brighton v. Peirsol, 107 Pa. 280. In overruling the motion for a new trial the court below correctly held that the case was controlled by Harp v. Glenolden Borough, 28 Pa. Superior Ct. 116, and the cases therein cited.

The assignments are all overruled and the judgment is affirmed.