## Schlott, Appellant, *v.* Terre Hill Borough.

*Road law—Boroughs—Action of borough council—Widening of street—Change of grade—Appointment of viewers—Act of May 24, 1878, P. L. 129.*

1. A mere motion adopted at a meeting of a borough council "that the building line" of a street named "be moved two feet west," without more, furnishes no warrant for application for the appointment of viewers under the Act of May 24, 1878, P. L. 129, or any other act.

2. If after the adoption of such a motion, an owner of land on the street voluntarily applies for a permit authorizing her to dig up the street for the purpose of making a sidewalk along her property, and upon this permit being granted she puts backs her fence and makes her pavement, such action on her part affords no ground for the appointment of viewers.

Argued Nov. 16, 1911.   Appeal, No. 35, Oct. T., 1911, by plaintiff, from order of C. P. Lancaster Co., Trust Book No. 21, page 445, dismissing petition for appointment of viewers in case of Anna Schlott v. Terre Hill Borough.   Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ.   Affirmed.

Petition for appointment of viewers.

The opinion of the Superior Court states the facts.

*Error assigned* was order dismissing petition for the appointment of viewers.

*B. F. Davis*, for appellant.—The proceedings are in accordance with the Act of May 24, 1878, P. L. 129. This act of assembly applies to cases of this kind: Seaman v. Washington Boro., 172 Pa. 467; Rodgers v. Freemansburg Boro., 2 Pa. C. C. Rep. 518; Klenke v. West Homestead Boro., 216 Pa. 476; Deer v. Sheraden Boro., 220 Pa. 307; Davis v. Penna. R. R. Co., 43 Pa. Superior Ct. 119; Bredin v. Ry. Co., 165 Pa. 262.

Here was proof of a resolution of an ordinance directing the change of the line of the street: Bohan v. Avoca Boro., 154 Pa. 404; Fisher v. South Williamsport Boro., 1 Pa. Superior Ct. 386.

*John E. Malone*, with him *S. R. Weaver*, for appellee, cited: Davis v. Penna. R. R. Co., 43 Pa. Superior Ct. 119; Jenkins v. Minersville Boro., 44 Pa. Superior Ct. 423.

Opinion by Head, J., March 1, 1912:

The appellant filed her petition in the court of common

pleas of Lancaster county alleging that she was a resident of the borough of Terre Hill in said county and the owner of a considerable lot of ground on the west side of Maple street in said borough; "that the said borough had enacted, ordained and surveyed and laid out and widened the said Maple street on the west side of the same where your petitioner's property is situated and changed the street line and also changed or altered the grade of the said street so that the land of your petitioner has been taken and appropriated by the said borough in so doing," etc. After further alleging that her property had been damaged and that no compensation had been made, she prayed for the appointment of viewers "in accordance with the Act or Acts of Assembly in such cases made and provided." Her petition points to no ordinance or resolution of council authorizing anything to be done in the said street affecting her property. It alleges no entry upon her property by any municipal officers or servants, or any act done by them changing its physical condition. It does generally allege that the borough had exercised nearly every kind of municipal function in relation to the said street by which the property of a citizen might be affected. There are a number of acts of assembly authorizing the doing of one or more of the things alleged and prescribing different remedies according to the nature of the municipal action taken. It was not easy for the learned court below, upon a mere inspection of the petition as it was filed, to determine the real nature of the injury alleged nor which one of the several remedies provided by law would be appropriate under the circumstances. A rule to show cause why viewers should not be appointed was therefore awarded. An answer was filed by the borough, denying generally all the allegations in the petition, and particularly that it ever appropriated any of the petitioner's land for the purpose of widening the street or any other purpose; that it ever adopted any ordinance changing the line or grade of Maple street, and averring it had not in fact done either, etc. Testimony was taken on both sides, the petitioner offering

herself as a witness and producing before the commissioner the records of the borough council.

So far as any corporate action is concerned, the most that she could show was that at a special meeting of the borough council, held on July 17, 1908, the following transpired: "The president, Mr. Artz, said the object of the meeting was to determine how far west the building line on Maple street was to be moved. It was moved by Mr. Wenger, seconded by Mr. Lutz, that the building line on Maple street be moved two feet west. Motion carried. Meeting adjourned." All of the testimony taken, and in this respect it is without dispute, furnishes no shred of evidence that any other corporate action beyond that indicated by the minutes just quoted was taken. It is too clear for argument that this resolution, if it may be so properly designated, authorized no change in the line, the grade or the location of Maple street. It required no property owner to do anything. It provided no sanction for its own enforcement. It contained no provision for notice of its adoption to be published generally or to be served upon individual citizens. It affected, as its terms declare, only the building line and not the property line, along the street in question. If such a regulation, under conditions there existing, would be unreasonable or oppressive, it would not furnish a warrant for an application for the appointment of viewers under the act of May 24, 1878, P. L. 129, or any other act within our knowledge.

As already stated, this evidence was produced by the petitioner. She further admitted on the witness stand that no notice of any kind had been served upon her by any borough official indicating any intent on the part of council to appropriate or interfere with her property. Almost a year after the meeting of council referred to, the petitioner voluntarily applied for a permit authorizing her to dig up Maple street for the purpose of making a sidewalk along her property and this permit was granted. Whatever work was actually done on the ground affecting her property, she did herself or caused to be done, the borough

having done nothing except to grant the permit for which she applied. From her own testimony, then, the learned court below finds "that she thereupon put back her fence and made her pavement. This she did voluntarily, as did the other landowners along the street, as no order by the borough authorities was ever given to her to do so. No ordinance was ever adopted fixing the line or the grade of the street, nor was any change actually made by the borough authorities." The learned court therefore refused to appoint viewers, and from the order discharging the rule referred to this appeal is taken.

We do not think it can be successfully argued that under these circumstances this case is ruled by Davis v. Penna. R. R. Co., 43 Pa. Superior Ct. 119. There the petition averred the existence of the jurisdictional facts, clearly described the act or omission of the company complained of, and pointed to the single remedy provided by the statute where the existence of such facts was alleged. The petitioner not only averred the existence of the necessary facts in his petition but continued to occupy that attitude throughout the entire proceeding. But the learned court, weighing the conflicting evidence, determined from its preponderance that the facts asserted did not in reality exist. This we held to be an assumption by the court of the functions of a tribunal created by the statute.

In the present case the learned court but undertook to read the vague and general averments of the petition in the light of the testimony of the petitioner herself. Reading it in that light and interpreting it as she herself did, it was clear there was no cause of action against the borough, and the court was left in practically the same situation that would have existed had she testified that she never in fact signed the petition or authorized anyone to sign it for her. In Bredin v. Railway Co., 165 Pa. 262, the Supreme Court, in discussing what could be properly considered in a preliminary inquiry of the character of the one now before us, said: "Defendant company's main objections to the latter (the appointment of viewers)

are grounded upon matters of fact which are not admitted and upon which we cannot undertake to pass at this stage of the proceedings." Suppose they had been admitted by the petitioner, as they have been here, the language quoted clearly indicates that it would have been proper to consider them. The law ought not to compel the doing of useless things which could only result in a waste of the public time and the substance of the litigant.

Many cases are cited in the able argument of the learned counsel for the appellant, but in no one of them do we find any warrant for the conclusion that under the circumstances here existing the learned court below was bound to proceed with the appointment of viewers and thus carry on a useless proceeding. Had we a case like Klenke v. West Homestead Borough, 216 Pa. 476, where the petition alleged that the borough "by its officers and agents, entered upon Eighth avenue, upon which the petitioner's property abuts, and excavated to a depth of about twenty to twenty-five feet, removing the support to the lot and destroying the fence, shrubbery and trees," there would be little difficulty in reaching the conclusion adopted by the Supreme Court that a case for the appointment of viewers under the act of 1878 sufficiently appeared.

We are of opinion, therefore, that the record before us discloses no reversible error, and as a consequence that the assignments of error must be overruled and the order or decree discharging the rule for the appointment of viewers affirmed.