## John Hurley et al. *v.* Evan Jones, Appellant.

*Trespass—Damages—Evidence.*

In an action of trespass against a contractor engaged in grading a street, to recover damages for filling in a part of defendant's lot and destroying his vegetables and fences, evidence that the lot was benefited by the fill is inadmissible.

Argued Nov. 2, 1894. Appeal, No. 242, Oct. T., 1894, by defendant, from judgment of C. P. No. 2, Allegheny Co., April T., 1891, No. 785, on verdict for plaintiffs. Before GREEN, WILLIAMS, MITCHELL, DEAN, and FELL, JJ. Affirmed.

Trespass quare clausum fregit. Before MAGEE, J.

Plaintiffs' statement claimed to recover damages to vegetables and fence, and averred that defendant spoiled the soil of the close, and by reason of the premises plaintiff's close became injured in value, and other wrongs and injuries to plaintiff's close then and there did, to the damage of plaintiffs, etc.

At the trial it appeared that defendant was a contractor engaged in grading Omega street. Plaintiffs offered evidence tending to show that defendant, while engaged in grading the street, broke down the fence around plaintiffs' lot, and filled in a portion of the lot, destroying the vegetables growing thereon.

Defendant presented this point:

" If the benefits to the plaintiffs' lot resulting from the filling in of dirt thereon by defendant equaled or were greater than the amount of damage done, there can be no recovery by the plaintiffs in this action for more than nominal damages. *Answer :* This point is refused. The issue involved in this trial does not relate to the filling in of dirt on the lot of the plaintiffs except in so far as it affects the destruction of plaintiffs

fences and the vegetables on the lot as a trespass committed by the defendant, and the advantage to the lot, which might arise from a fill, is not an element which enters into the question in this case."

Verdict and judgment for plaintiffs. Defendant appealed.

*Error assigned* was above instruction, quoting it.

*Charles W. Jones,* for appellant, cited : Ry. v. Vance, 115 Pa. 325 ; Sedgwick on Damages, §§ 63, 1125 ; Murphy v. Fond du Lac, 23 Wis. 365 ; Mayo v. Springfield, 138 Mass. 70 ; Jewett v. Whitney, 43 Me. 242.

*George N. Chalfant,* for appellee, cited : 2 Greenl. Ev. § 613 ; Hutchinson v. Schimmelfeder, 40 Pa. 396 ; Backenstoss v. Stahler's Admr., 33 Pa. 254 ; Reiff v. Reiff, 64 Pa. 134 ; Jones's Ap., 102 Pa. 288 ; Pattison's Ap., 61 Pa. 294 ; Sherry v. Picken, 10 Ind. 375 ; Matlock v. Fry, 15 Ind. 483 ; Graff v. Fitch, 58 Ill. 373 ; Craddock v. Riddlesbarger, 2 Dana, 205 ; Ross v. Welsh, 11 Gray, 235 ; Foster v. Weaver, 118 Pa. 42 ; Cheney v. Stone Co., 41 Fed. R. 740 ; Haynes v. Thomas, 7 Ind. 38 ; Koester v. Cowan, 37 Ill. (Ap.) 252.

PER CURIAM, Nov. 12, 1894 :

The defendant's point was properly refused by the learned court below. This was not a condemnation proceeding, but an ordinary action of trespass for injury to the plaintiff's close. The plaintiff was entitled to recover any actual damages he suffered by reason of the trespass of the defendant, and he complained of the destruction of his vegetables and his fences. Any advantage to the lot by reason of the fill is not a proper subject of consideration.

Judgment affirmed.