# In re Construction of Walnut Street Bridge.  Appeal of the City of Philadelphia.

191   153
d195  106

191      153
23 SC  278

191   153
225   130

*Constitutional law—Injury to private property on franchise—Constitution of 1874, article 16, section 8.*

Under article 16, section 8 of the constitution of 1874, mere injury to a private property or franchise entitles the owner to just compensation whether there be a taking or not.

*Constitutional law—Injury to private riparian owners—Bridge—Rivers—Waters.*

Under the Acts of February 7, 1818, 7 Sm. L. 34, and April 9, 1835, P. L. 127, which conferred upon private riparian owners the right to erect wharves and buildings on the banks of the rivers Delaware and Schuylkill within the city limits, a private right of property therein is conferred upon the owner which cannot be invaded by either the commonwealth or the city without compensation being made.

Argued March 28, 1899. Appeal, No. 15, Jan. T., 1899, by the city of Philadelphia, from order of C. P. No. 2, Phila. Co., Dec. T., 1894, No. 1227, dismissing exceptions to report of viewers. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to report of viewers.

From the record it appeared that the city of Philadelphia constructed a bridge across the river Schuylkill on the line of Walnut street in such a way as to destroy all access to appellee's wharf by masted vessels. The jury of view found that the property of the appellee had been damaged in market value by rea-

son of the construction of the bridge to the extent of upwards of $30,000.

Exceptions were filed by the city of Philadelphia to the report of the viewers, which exceptions were dismissed by the court.

*Errors assigned* were in dismissing exceptions to report of viewers.

*Francis L. Wayland*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, and *John H. Maurer*, for the city of Philadelphia, appellant.—The principle that the commonwealth has never divested itself of its title to the beds of all navigable streams below low-water mark, and to the waters thereof, is established by a long line of cases: Fulner v. Williams, 122 Pa. 191; Tinicum Co. v. Carter, 61 Pa. 21; Wainwright v. McCullen, 63 Pa. 66; Zug v. Commonwealth, 70 Pa. 138; Phila. v. Scott, 81 Pa. 80; Wall v. Pittsburgh, 152 Pa. 427; Shively v. Bowldy, 152 U. S. 1; Rundle v. Del. & Raritan Canal Co., 14 How. 80; Gilman v. Phila., 3 Wall. 713; Gould on Waters (2d ed.), sec. 65, and notes; Carson v. Blazer, 2 Binn. 475; Gilchrist's App., 109 Pa. 600; Flanagan v. Phila., 42 Pa. 219; Monongahela Bridge Co. v. Kirk, 46 Pa. 112.

Even as to streets, in the extreme case of a vacation, it has been held that the commonwealth is not liable in damages, and that a vacation cannot work an injury within the meaning of the constitutional provision: McGee's App., 114 Pa. 470; In re Centre St., 115 Pa. 247; In re Howard St., 142 Pa. 608; Paul v. Carver, 24 Pa. 207.

In the case of a riparian owner, he holds subject to conditions to which he has assented in accepting his title: Gibson v. U. S., 166 U. S. 269.

The damage alleged here is not such a special damage as will sustain an action: Whitehead v. Jessup, 53 Fed. Rep. 707; Blackwell v. Old Colony R. R. Co., 122 Mass. 1; Thayer v. New Bedford R. R. Co., 125 Mass. 253; Lansing v. Smith, 8 Cowen, 146; Seely v. Bishop, 19 Conn. 128; Clark v. Saybrook, 21 Conn. 313; Harvard College v. Sterns, 15 Gray, 1; Brayton v. Fall River, 113 Mass. 218; Brightman v. Fairhaven, 7 Gray, 271; Fall River Iron Works Co. v. Old Colony & Fall

River R. R. Co., 5 Allen, 221; French v. Lumber Co., 145 Mass. 261; Penna. R. Co. v. Marchant, 119 Pa. 561.

*John G. Johnson*, for Charles W. Gumbes et al., appellees.— The appellees had a right of property in their wharves: Kusenberg v. Browne, 42 Pa. 179; Yeates v. Milwaukee, 10 Wallace, 497; Illinois Cent. R. R. v. Illinois, 146 U. S. 445; Mills on Eminent Domain, sec. 79.

Appellees' right of property in their wharves was injured in value by the construction of the bridge.

The constitution and laws of Pennsylvania give a remedy in damages to the appellees for the injury to their property right in the wharves occasioned by the bridge construction: Constitution, art. 9, sec. 8; Act of May 16, 1891, P. L. 75; Mellor v. Philadelphia, 160 Pa. 614; In re Melon Street, 182 Pa. 397; Butchers' Ice Co. v. Philadelphia, 156 Pa. 54.

*Charles Wetherill*, for William H. Wetherill et al., appellees.— It is clear that the title to lands fronting on navigable tide water rivers in Pennsylvania runs to low-water mark only, and that such rivers are public highways is also clear, but in Philadelphia riparian owners on the Schuylkill and Delaware rivers have a lawful right to build and maintain wharves, extending to the Port Wardens's line. As to the Schuylkill river, the Colonial Act of March 14, 1761, 1 Sm. L. 235, was passed to render that river navigable. The right of the city of Philadelphia to impair the navigability of the river by building bridges over it was adjudicated in the cases of the Port Wardens v. Phila., 42 Pa. 210, Flanagan v. Phila., 42 Pa. 219, and in Phila. v. Field, 58 Pa. 320. In the last case the legal history of the public ferries and bridges over the Schuylkill in the city of Philadelphia will be found in the opinion, per READ, J. In the case of Gilman v. City, 3 Wall. 713, the right of Philadelphia to build the Chestnut street bridge was affirmed by the Supreme Court of the United States.

The building of the bridge on Walnut street by the city was clearly an extension or " enlargement " of its highway, connecting portions of the street, formerly separated, into one continuous avenue. By reason of this general public improvement, a special injury, not general to all the lands fronting on the

Schuylkill, but limited to the lands lying between Walnut street and the Chestnut street bridge, was directly caused, in the only way by which land can be injured, to wit: in the serious diminution of its market value. Thus the damage inflicted upon the appellees is not only within the spirit and meaning, but within the very language, of the constitutional provision: Butchers' Ice & Coal Co. v. Philadelphia, 156 Pa. 54; Good v. Allen, 175 Pa. 479.

*Francis L. Wayland*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, and *John H. Maurer*, for appellant, in reply. —It is submitted that the appellees' contention that they have acquired a higher right to recover in damages by reason of the constitution of 1874 than they before would have had is not sound: Shrunk v. Schuylkill Navigation Co., 14 S. & R. 70; Gibson v. United States, 166 U. S. 273.

PER CURIAM, April 24, 1899:

We are clearly of opinion that since the Acts of February 7, 1818, 7 Sm. L. 34, and April 9, 1835, P. L. 127, which conferred upon private riparian owners the right to erect wharves and buildings on the banks of the rivers Delaware and Schuylkill within the city limits, a private right of property therein was conferred upon the owner which cannot be invaded by either the commonwealth or the city without compensation being made. The constitution of 1874, article 16, section 8, explicitly provides that " municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements." Since the adoption of the present constitution it cannot be doubted that mere injury to a private property or franchise entitles the owner to compensation, whether there be a taking or not. The distinctions upon this subject between taking and injury, which formerly prevailed, have been obliterated by the new constitution, and they no longer prevail. The fact of a substantial injury in the present case has been determined by the report of viewers, and is therefore not to be questioned. The value or amount of the injury has also been

conclusively determined, and must now be considered as established.

The order of the court below confirming the report of viewers is affirmed and the appeal is dismissed at the cost of the appellant.