# Kehoe, Appellant, v. Philadelphia.

*Road law—Change of grade—Negligent maintenance of street—Trespass —Municipalities.*

In an action against a city to recover damages for injuries to property abutting on a street, caused by the negligence of the city in permitting the street to remain full of holes in which water accumulated and from which it percolated into plaintiff's cellar, the city cannot set up as a defense to the action that prior to the injuries complained of damages had been assessed and paid to plaintiff in statutory proceedings for change of grade of the street.

Argued Jan. 30, 1901.   Appeal, No. 300, Jan. T., 1900, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1899, No. 635, refusing to take off nonsuit in case of Luke Kehoe v. Philadelphia.   Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ.   Reversed.

Trespass for injuries to real estate.   Before Biddle, P. J.

Plaintiff in his statement of claim after referring to the change of grade of Almond street, and of the assessment of damages to property owners for such change of grade, continued as follows:

" Plaintiff further says that through the negligence of the city of Philadelphia in failing to properly pave and maintain the said Almond street, since the time of change of grade to the present time, the said Almond street has continued to be, and is, a public nuisance, and as a result of its maintenance by the city of Philadelphia in such a condition the property of deponent was damaged as follows :

" After every rainstorm water collected on the said Almond street and percolated through the soil of the said Almond street, entered the property of plaintiff through the foundation walls to its great damage and injury, and has collected in the cellar of plaintiff to the depth of three feet.

" Plaintiff further says that in consequence of this, his building above referred to, the property of plaintiff, has become damaged by reason of the settling of the foundation and brick walls and cracking of the same, as a result of the flooding of his premises as aforesaid, to the damage and injury of this plaintiff and his said property to the extent of $2,000, for the recovery of which he brings this suit."

The evidence offered on behalf of the plaintiff tended to sustain the averments of the statement of claim.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*J. Washington Logue,* with him *James E. Gorman,* for appellant.—Plaintiff bases his right to recover upon the fact that before the performance of certain work by the city of Philadelphia, the street upon which his property fronted was in good condition and properly maintained. That after the making of certain changes by the city of Philadelphia, the street was kept and maintained in a negligent manner by the city, and as a result thereof his property was damaged: Elliott v. Oil City, 129 Pa. 570 ; Torrey v. City of Scranton, 133 Pa. 173 ; Delahunt v. City of Chester, 6 Del. Co. Rep. 142 ; Weir v. Plymouth Borough, 148 Pa. 566 ; Bohan v. Avoca Borough, 154 Pa. 404 ; Frederick v. Lansdale Borough, 156 Pa. 613 ; Markle v. Berwick Borough, 142 Pa. 84 ; West Bellevue Borough v. Huddleston, 23 W. N. C. 240 ; Allentown v. Kramer, 73 Pa.

406; Dougherty v. Phila., 4 W. N. C. 287; Erie v. Schwingle, 22 Pa. 384; Humphreys v. Armstrong County, 56 Pa. 204; Norristown v. Moyer, 67 Pa. 355; Kensington v. Wood, 10 Pa. 93; Vanderslice v. Phila., 103 Pa. 102; Gold v. Phila., 115 Pa. 184; Butchers' Ice & Coal Co. v. Phila., 156 Pa. 54; Beach v. Scranton, 5 Lack. Legal News, 25; Gardner v. Scranton, 1 Pa. Dist. Rep. 805.

*Howard A. Davis*, with him *Samuel Chew* and *John L. Kinsey*, for appellee.—The city in failing to repave is acting within its powers to use discretion, and in a judicial capacity, not a ministerial one, and therefore cannot be held to be negligent in so doing: Fair v. Phila., 88 Pa. 311; Munn v. Pittsburg, 40 Pa. 364; Nevins v. City of Peoria, 41 Ill. 502; Allentown v. Kramer, 73 Pa. 408; Green v. Reading, 9 Watts, 382; Henry v. Pittsburg & Allegheny Bridge Co., 8 W. & S. 85; Commissioners of Kensington v. Wood, 10 Pa. 93; O'Connor v. Pittsburg, 18 Pa. 187.

The most that can be required by the citizens of those whom they have selected to act for them in the discharge of duties judicial in their nature is that they shall act honestly and with such ability as they possess: Hoff v. Phila., 93 Pa. 272; Fair v. Phila., 88 Pa. 311; Mills v. City of Brooklyn, 32 N. Y. 489; Smith v. Mayor of New York, 66 N. Y. 295; Grant v. Erie, 69 Pa. 420.

This was not a case of repairing; it was regrading, and brought about a condition of things de novo, starting where the original paving was begun: Elliott on Roads & Streets (2d ed.), pp. 473, 474, 475; Carr v. Northern Liberties, 35 Pa. 324; Fair v. Phila., 88 Pa. 309; Neff v. Borough of Easton, 102 Pa. 477; Collins v. Phila., 93 Pa. 272; Costello v. Conshohocken, 8 Pa. C. C. Rep. 639.

OPINION BY MR. JUSTICE BROWN, April 1, 1901:

The appellant brought suit against the city of Philadelphia to recover damages for injuries resulting to his property at the corner of Almond and Huntingdon streets from the alleged negligence of the appellee in connection with its control and supervision of the former street. The appeal is from a judgment of nonsuit, and it is to be regretted that the court below gave no reason for entering it or for refusing to take it off.

Sometime before the injuries complained of were sustained, the grade of Almond street had been changed, and, for the injury done to the property of appellant by the change, damages were assessed and paid to him in the statutory proceeding instituted for their recovery. The theory of the defense, as presented to us, is, that there can be no recovery in the present suit, because it has been brought for damages sustained, or likely to have been sustained, by the change of the grade of the street, for which compensation has already been made in the only proceeding that could have been instituted for them ; and this view, we assume, in the absence of any reason assigned for withdrawing the case from the jury, must have been adopted by the court below. For any injury which resulted, or was likely to result, to his property from the change in the grade of the street, the plaintiff, of course, cannot now recover ; and, if his present suit be for injuries so sustained, the nonsuit cannot be disturbed ; but though the appellee, for the purpose of its defense, contends that he has so sued it, the statement of his cause of action, sustained by proof, is otherwise. Upon it he has a right to ask for judgment, and the appellee cannot be heard in support of this judgment against him on a theory which overlooks it and ignores his proofs. In the statement of his claim it is true, he refers to the change in the grade of the street, but the ground of his complaint, as distinctly set forth is that, after the grade had been actually changed, the appellee in disregard of its duty, maintained the street in so negligent and improper a manner as to cause the injuries to his property. The proof is ample that, for many months after the grade had been changed, the street was improperly and negligently maintained by the city, having been full of holes, containing water, which the appellant contends percolated into his cellar and caused the special and serious injuries to his property, as set forth in his statement. It is most manifest that the case, as presented, should have gone to the jury, before whom the theory of the appellee might have availed as a matter of defense, if supported by proper proof. The judgment is reversed and a procedendo awarded.