# Ogontz Avenue.

*Road law — Municipalities — Eminent domain — Opening street — Damages—Non-abutting owner.*

1. An owner of land which does not abut on a newly opened street is not entitled to damages under the constitutional provision requiring compensation to be made for property taken, injured or destroyed, before there has been any physical change of grade on the ground or any actual injury to the property for which damages are claimed.

2. Where damages are claimed for the opening, widening or change of grade of a street by an owner of land not abutting thereon the injury complained of must be proximate, immediate and substantial; and some right of property, or easement or privilege enjoyed by the owner, or access to his property must be interfered with.

Argued Jan 12, 1900. Appeal, No. 303, Jan. T., 1908, by city of Philadelphia, from order of C. P. No. 5, Phila. Co., March T., 1905, No. 4,088, dismissing exceptions to report of referee In re Opening of Ogontz Avenue from Ruscomb Street to Chew Street. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Reversed.

Exceptions to report of Louis Brégy, Esq., referee.
The opinion of the Supreme Court states the case.

*Error assigned* was in dismissing exceptions to report of referee.

*James Alcorn*, with him *William J. Yorke* and *J. Howard Gendell*, for appellant.—In road proceedings the law is very explicit that only an owner of land through which the road passes can claim damages: Railroad Co. v. Lippincott, 116 Pa. 472; Railroad Co. v. Marchant, 119 Pa. 541.

It is contended that where the property does not abut upon the improvement and where no land is taken in the exercise of the right of eminent domain, some right of way or property belonging to the claimant must be interfered with or affected by the construction or enlargement of the works, highways or improvements: Snyder v. Lancaster, 20 W. N. C. 184; Stork v. Philadelphia, 195 Pa. 101; Mellor v. Philadelphia, 160 Pa. 614; Ladd v. Philadelphia, 171 Pa. 485; Walnut Street Bridge, 191 Pa. 153; Chatham Street, 191 Pa. 604; Lewis v. Homestead Borough, 194 Pa. 199; Melon Street, 182 Pa. 397; Robbins v. Scranton, 217 Pa. 577.

In these change of grade cases recovery was not permitted until after the construction of the street and the doing of the injury. They do not support the claim of the appellee, or the conclusion of the referee in the present case.

In the present case the appellee is not deprived of any right by the opening of Ogontz avenue. His access to and from his property is not interfered with or changed. He never had any right in Ogontz avenue. He has no right in it as an owner of property after it is opened, as none of his property abuts upon the street.

To permit this appellee, who was not affected by the opening, to present a claim in a proceeding to assess damages for the opening, is introducing a new claimant and one who without the act of 1891, has no standing in such a proceeding. That was not the purpose of the act: Pusey v. Allegheny, 98 Pa. 522; Righter v. Philadelphia, 161 Pa. 73; Clark v. Philadelphia, 171 Pa. 30; Greentree Avenue, 21 Pa. Superior Ct. 177.

*Bertram G. Frazier*, with him *John W. Frazier, Jr.*, for appellee.—Since the adoption of the constitution of 1874 there have been numerous cases which have discussed what constitutes a taking, injury or destruction of private property, and they lay down the principle that for a property to come under this section of the constitution, the said property must be near enough to the enlargement or improvement for the damage to be proximate, immediate and substantial. Some of the cases which follow this principle are Mellor v. Philadelphia, 160 Pa. 614; Plumb's Appeal, 166 Pa. 336; Snyder v. City of Lancaster, 20 W. N. C. 184; Ladd v. Philadelphia, 171 Pa. 485; Melon Street, 182 Pa. 397; Chatham Street, 191 Pa. 604; Walnut Street Bridge, 191 Pa. 153; Lewis v. Borough of Homestead, 194 Pa. 199; Stork v. Philadelphia, 195 Pa. 101; Robbins v. City of Scranton, 217 Pa. 577.

Under these cases the rule of law can be said to be well fixed, and is to the effect that the property must be near enough for the damage to be proximate, immediate and substantial and easy of calculation. If it is of the above character it comes within the provision of the constitution.

OPINION BY MR. JUSTICE ELKIN, June 22, 1909:

The question to be determined on this appeal is whether

the owner of land which does not abut on a newly opened street is entitled to damages under the constitutional provision requiring compensation to be made for property taken, injured or destroyed, before there has been any physical change of grade on the ground or any actual injury to the property for which damages are claimed. It must be conceded that the right of a property owner to recover damages in the nature of compensation for land taken, injured or destroyed by the opening or widening of a public street has been sustained in a long line of cases, although the property injured did not abut on the street. While these cases hold that the property need not abut on the street, the principle announced is that the injury complained of must be proximate, immediate and substantial. It is difficult, perhaps impossible, to reconcile all the cases in which a construction of article sixteen, section eight, of the constitution, has been involved. In the railroad cases it was held that the injuries must be actual, positive and visible, and must be of such certain character as to be ascertained when the railroad was constructed. These cases decide that the injury in the constitutional sense must be in the nature of a legal wrong such as would be the subject of an action for damages at common law, and that the right of action only accrues to an abutting owner who complains. Consequential damages to nonabutting owners are not recoverable in this class of cases. This is the rule of Railroad Co. v. Lippincott, 116 Pa. 472; Railroad Co. v. Ziemer, 124 Pa. 560; Jones v. Railroad Co., 151 Pa. 30; Insurance Co. v. Railroad Co., 151 Pa. 334; Hartman v. Incline Plane Co., 159 Pa. 442; and Willock v. Railroad Co., 222 Pa. 590.

As hereinbefore indicated, the rule applicable to street opening cases is different, and while to the writer of this opinion there does not seem to be any solid ground upon which to distinguish one class of cases from the other, yet the cases do make the distinction, and since both parties to the present proceeding recognize the principle of proximate, immediate and substantial injury as applied to street opening cases, regardless of whether the complaining party is' an

abutting or nonabutting owner, it will not be necessary to consider broadly the underlying constitutional question. What constitutes a taking of, or injury to, or destruction of, private property by municipalities in opening, widening and grading streets has been considered in numerous cases by this court. See Mellor v. Philadelphia, 160 Pa. 614; Ladd v. Philadelphia, 171 Pa. 485; In re Melon Street, 182 Pa. 397; In re Walnut Street Bridge, 191 Pa. 153; In re Chatham Street, 191 Pa. 604; Lewis v. Homestead, 194 Pa. 199; Stork v. Philadelphia, 195 Pa. 101; Robbins v. Scranton, 217 Pa. 577.

It should be observed that even in the street opening and change of grade cases it was held that the injury to a nonabutting owner must be proximate, immediate and substantial, else there could be no recovery. In every instance where damages were recovered some right of property, or easement or privilege enjoyed by the owner, or access to his property, was interfered with. A careful examination of these cases will show that when a nonabutting owner claimed damages by reason of the street improvement, the burden always rested on him to show immediate and substantial injury occasioned thereby. Our attention has not been called to a single case in which a nonabutting owner was permitted to recover damages on the ground of an alleged injury to his property when in point of fact there had been no change in the surface conditions, or where access, or right of way or drainage, or some other existing right of property had not been disturbed. In this respect there is a valid distinction between abutting and nonabutting owners. As to abutting owners, the act of 1891 clearly contemplates that all damages shall be assessed in a single proceeding and shall accrue to those persons entitled thereto at the time of the assessment, and not to subsequent purchasers: Sedgley Avenue, 217 Pa. 313. In that case the original owner claimed damages for land actually taken and recovered on the basis of the street being opened to the established grade, although it was not graded until he had parted with his title, and the subsequent purchaser was in possession. But this rule does not apply to

a nonabutting owner whose claim for damages rests upon a different basis. The constitution requires compensation to be made for property taken, injured or destroyed. As to abutting owners there is an actual taking within the meaning of the law when the street is ordered to be opened and proper notice has been served upon the property owners affected thereby. The act of assembly provides a method of procedure to determine all questions incidental to the taking of such property as may be necessary for the street improvement, including damages that may result by making or changing the street to the established grade. As to nonabutting owners there can be no claim for property actually taken, and the damages, if any, must be such as result from some consequential injury. If there be no injury, no compensation can be demanded. This is why our cases have held that all such consequential injuries must be proximate, immediate and substantial. An injury cannot be said to be immediate and substantial if there be none at all. In the case at bar the ordinance only provides for the opening and not for the grading of Ogontz avenue. The property of appellee does not abut on the avenue, and the opening of the street on the surface of the land belonging to an adjoining owner cannot in a legal sense injuriously affect the property in question, where the surface conditions remain unchanged. Indeed, it is not contended, that the opening of the avenue causes any injury to the property of appellee, but it is alleged that when filled to the established grade, injuries may or will result. This is too remote a possibility to sustain a present claim for consequential damages to a property not actually taken nor disturbed in any way by opening the street. There is no present injury of any kind, either proximate, immediate or substantial, to the property of appellee and hence no present claim for consequential damages. The appellee, therefore, did not meet the burden resting on him to show such actual injury to his property as is necessary to sustain a claim for damages in the present proceeding.

Judgment reversed.