# Dettra, Appellant, v. City of Philadelphia.

*Real estate—Land damages—Opening street—Change of grade—Act of May 26, 1891, P. L. 117.*

1. The Act of May 26, 1891, P. L. 117, contemplates that all damages to abutting land consequent upon the improvement of a street shall be assessed in a single proceeding.

2. In 1894 a public street in a city was opened by ordinance and proceedings were instituted in the Court of Quarter Sessions of

the county for the assessment of damages and a road jury was appointed, which after hearing evidence filed its report on November 15, 1894. By ordinance adopted in July, 1911, the curbing and paving of the street was directed by the city. The owner of a lot abutting on the street proceeded to curb and pave. The natural surface of the owner's sidewalk was several feet above the established grade of the street and the owner was therefore obliged to grade it off so as to make the grade conform. In 1913, the owner presented a petition asking that viewers be appointed to assess the damages sustained in consequence of having been required to lower her sidewalk. Viewers were accordingly appointed, but subsequently, on motion of the city, the order appointing them was revoked and the original petition was quashed, for the reason that if petitioner had sustained any damages her claim for compensation should have been presented in the proceedings before the road jury in 1894, of which she admittedly had notice. *Held,* that under the provisions of the Act of May 26, 1891, P. L. 117, providing "That in all cases of assessment of damages for the opening or widening of any street or highway, the award of damages, if any, shall include all damages due to the grade at which said street or highway is to be opened or widened, and the plan attached to the report of the viewers awarding the damages shall have therein a profile plan showing the existing grade," the action of the lower court was proper.

Argued March 31, 1914. Appeal, No. 94, Jan. T., 1914, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., March T., 1913, No. 2308, quashing petition in case of Mary B. Dettra v. City of Philadelphia. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition for the appointment of viewers.

The opinion of the Supreme Court states the case.

The court, upon motion, quashed the petition. Plaintiff appealed.

*Error assigned* was in quashing the petition.

*Henry B. Hodge,* for appellant, cited: Clark v. Philadelphia, 171 Pa. 30; Righter v. Philadelphia, 161 Pa. 73; Plan 166, 143 Pa. 414; Pusey v. Allegheny, 98 Pa. 522;

Ogontz Ave., 225 Pa. 126; Sedgley Ave., 217 Pa. 313;
Tabor Street (No. 1), 26 Pa. Superior Ct. 167.

*Glenn C. Mead,* Assistant City Solicitor, with him
*Edwin O. Lewis,* Assistant City Solicitor, and *Michael J.
Ryan,* City Solicitor, for appellee, cited: Greentree
Avenue, 21 Pa. Superior Ct. 177; Lageman v. Pitts-
burgh, 47 Pa. Superior Ct. 493; Deer v. Sheridan Boro.,
220 Pa. 307; South Abington Twp. Road, 109 Pa. 118;
Melon Street, 182 Pa. 397; Allegheny County Light Co.
v. Booth, 216 Pa. 564.

OPINION BY MR. JUSTICE STEWART, April 20, 1914:

Willow Grove avenue, a public street in the City of
Philadelphia upon which appellant's lot abuts, was
opened by ordinance under date of 6th April, 1894.
Under this opening ordinance proceedings were institu-
ted in the Court of Quarter Sessions in 1894 for the
assessment of damages, and a road jury was appointed
which after hearing evidence filed its report November
15, 1894. By ordinance adopted 28th July, 1911, the
setting of curb and the paving of sidewalks on that sec-
tion of Willow Grove avenue which included the front-
age of appellant's lot was directed. Agreeably to this
later ordinance appellant proceeded to curb and pave.
The natural surface of her sidewalk was several feet
above the established grade of the street, and she was
therefore obliged to grade it off so as to make the grade
conform. On 27th March, 1913, she presented her peti-
tion asking that viewers be appointed to assess the dam-
ages she had sustained in consequence of having been re-
quired to lower her sidewalk in order to curb and pave.
Viewers were accordingly appointed; but subsequently,
on motion of the city, the order appointing them was re-
voked and the original petition was quashed, for the
reason, that if petitioner had sustained any damages
her claim for compensation should have been presented
in the proceedings before the road jury in 1894, of which

she admittedly had notice.  The Act of May 26, 1891, P. L. 117 provides: "That in all cases of assessment of damages for the opening or widening of any street or highway, the award of damages, if any, shall include all damages due to the grade at which said street or highway is to be opened or widened, and the plant attached to the report of the viewers awarding the damages shall have therein a profile plan showing the existing grade."  The contention of appellant is that this act applies only in cases where land has been actually taken and appropriated, and that inasmuch as the claim she here presents is not for land appropriated, but simply for expense she was put to in order to bring her pavement to conformity with the established grade of the street, she could have had no standing to assert her right before the jury appointed in 1894, and that no injury was sustained by her until required by ordinance of 1911 to pave and curb. As to the latter contention it is only necessary to say that whatever damages or loss resulted to appellant was in consequence of the ordinance of 6th April, 1894. That ordinance opening Willow Grove avenue at a fixed grade made a lowering of the grade of appellant's sidewalk at sometime inevitable, and the damage and loss that would result to the property owner in consequence was a matter of easy computation as well before as after the change was actually made.  The first contention finds its answer in several of our recent cases.  In Deer v. Sheridan Borough, 220 Pa. 307, speaking of the Act of 1891, we said: "It provides comprehensively for proceedings intended to be instituted by municipalities in all cases of laying out, opening, widening and extending streets, alleys and lanes, and for the building of bridges, piers, abutments, sewers and other works, and for ascertaining in one proceeding all the damages suffered by all abutting owners affected thereby."  Following this, in Ogontz Avenue, 225 Pa. 126, we said: "As to abutting owners, the Act of 1891 clearly contemplates that all damages shall be assessed in a single proceeding and

shall accrue to those persons entitled thereto at the time of the assessment." The case last cited distinguishes between the rights of abutting owners and the rights of owners of property adjoining property that is abutting, but this distinction in no wise affects the present case. This is the case of an abutting owner, and in the opinion of the court in the case last cited it is distinctly declared, that as to abutting owners "there is an actual taking within the meaning of the law when the street is ordered to be opened and proper notice has been served upon the property owners affected thereby." When in 1894 the city by ordinance opened Willow Grove avenue it appropriated the entire street including sidewalks, McDevitt v. Gas Company, 160 Pa. 367, and it was then the injury was done of which appellant complains. It follows that her only remedy was under the Act of 1891.

The appeal is dismissed at the cost of appellant.