# A. H. Reid Creamery & Dairy Supply Co. *v.* Philadelphia, Appellant.

*Road law—Condemnation of land for street—Municipalities— Cities of the first class—Eminent domain—Acts of May 16, 1891, P. L. 75, and June 12, 1893, P. L. 459—Slopes and fills—Equity.*

1. Where a city of the first class in 1915, condemns land for the purpose of widening and grading an existing street in accordance with an ordinance adopting a new street line, and damages are duly awarded to an abutting property owner for the land taken, such proceedings do not bar the owner from thereafter filing a bill to compel the city to remove a slope or fill which extended beyond the lines fixed by the condemning ordinance, and which covered a considerable portion of his other land for which no damages had been paid.

2. The building of a slope as a support is not a necessary consequence of widening and elevating the grade of a street. Such purpose may be accomplished by the construction of a retaining wall within the line of the widened street.

3. A decree to compel a city to remove a slope or fill on land abutting on a widened street, and for which land no damages had been paid, will be modified on appeal, so as to permit the city within a time stated to come to an agreement with the owner as to damages, or to institute proceedings to condemn.

Argued March 23, 1922. Appeal, No. 331, Jan. T., 1922, by defendant, from decree of C. P. No. 4, Phila. Co., Sept. T., 1920, No. 9113, awarding injunction, in case of A. H. Reid Creamery & Dairy Supply Co. v. Philadelphia. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.. Decree modified.

Bill for mandatory injunction. Before McCULLEN, J. The opinion of the Supreme Court states the facts. Decree for plaintiff. Defendant appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Haines D. Albright,* Assistant City Solicitor, with him *Glenn C. Mead,* Assistant City Solicitor, and *David J. Smyth,* City Solicitor, for appellant.

*Sheldon F. Potter,* with him *W. Howard Ramsay,* for appellee.

OPINION BY MR. JUSTICE SADLER, May 8, 1922:

Plaintiff was the owner of land abutting on Haverford Street in the City of Philadelphia, and the building constructed thereon was 17 feet below the grade of the thirty-foot highway as it existed in 1915. By ordinances passed June 15th and July 13th of that year, pursuant to the statutory authority given the city to condemn for grading and widening, the street was broadened to 80, and the level of the old road raised to 23 feet above the natural surface of the land. Due notice of the intended change was given the property owners, and the proceeding became effective December 30th. The result of the taking was to cut off access to plaintiff's property from the highway, and a claim was made for the damages sustained, which, after trial in the common pleas on appeal, were fixed at $19,480, and the compensation awarded was duly paid.

In physically widening the street and altering the grade, a slope or fill was made which extended beyond the lines fixed by the condemning ordinance, and covered a considerable portion of plaintiff's lot. It would seem that this embankment, at least in part, appeared upon the ground when the jury heard the case in 1919,—prior to that time there was a retaining wall. After satisfaction of the judgment entered, a bill was filed asking that the city be restrained from further continuing the fill on plaintiff's land beyond the line of the widened street, and, after hearing, an injunction issued against the maintenance of the alleged nuisance, and defendant was directed to remove the embankment. From the decree entered, this appeal is taken.

The controversy resolves itself into a determination of a municipality's power to occupy abutting land, for the purpose of sustaining the highway at grade, without condemning the right to use the ground necessary for this purpose. A city of the first class has ample authority, under the Act of May 16, 1891, P. L. 75, as amended by the Act of June 12, 1893, P. L. 459, to take, after due coroporate action, land necessary for widening and grading, as well as property required for the support of the street. By a supplementary act, a like power to appropriate "for the construction of embankments, slopes, fills and culverts, as may be necessary and proper for the completion of the improvements" is given, whether any land is actually taken for the highway itself or not. Act July 8, 1919, P. L. 763,—legislation not applicable, however, when the present condemnation was instituted. In all the statutes referred to, provision is expressly made for the giving of compensation for the injury which may be inflicted.

Though the municipality has the right to condemn for such public purposes, its authority is to be exercised as legislatively directed. A duly enacted ordinance defines the limits of the appropriation, and it is upon the basis of the taking, as so described, the damages must be assessed: Hershberger v. Pittsburgh, 115 Pa. 78. That the land may be clearly designated, requirement is made that a map be prepared by the viewers, which becomes a matter of record, and in the making of improvements the municipality may not invade the property of the abutting owner beyond the lines fixed: White v. Borough of McKeesport, 101 Pa. 394; Western Penna. Railway v. Allegheny, 92 Pa. 100. In the case of the appropriation for public use by corporations, to whom the power of eminent domain has been delegated, maps indicating the extent of the taking are required (Lance's App., 55 Pa. 16; Johnston v. D., L. & W. R. R. Co., 245 Pa. 338), and there is like reason for demanding that the city show, by proper descriptions, the property which

it intends to condemn, for it is only by an examination of the authorizing ordinance, or accompanying map, that the amount of the injury can be adequately determined by viewers.

In assessing the damages all of the direct, immediate and unavoidable consequences of the act of eminent domain itself are to be taken into account, irrespective of the question of care or negligence in carrying out the work upon the ground condemned: Stork v. Philadelphia, 195 Pa. 101. The supporting of the highway is not necessarily to be secured by a slope extending onto the premises of another; it might be by a retaining wall within the line of the widened street. Fills and embankments are not merely incidents of the construction of the road. If the contrary were true, there would have been no need to grant to municipalities legislative power to condemn the use of property for this very purpose. In the present instance, no taking by the city beyond the street line appears, either in the condemning ordinance or by any map filed, and it cannot be said the building of the slope was a certain consequence of widening and elevating the grade. If it were, the damages necessarily would have been assessed in the first proceeding, and the present decree could not be sustained, for all claims, which may be legally demanded, are to be included in the original award: Dettra v. Philadelphia, 245 Pa. 139; Beach v. Scranton, 25 Pa. Superior Ct. 430.

But the first allowance of damages does not bar a subsequent claim, where it arises from a new and distinct municipal action: Rodgers v. Philadelphia, 181 Pa. 243. Nor will the award of compensation for a taking prevent recovery for loss due to negligent construction within the lines of the highway, resulting in injury to the abutting owner: Hurley v. Jones, 165 Pa. 34; Kehoe v. Philadelphia, 199 Pa. 45. In such case, an action in trespass may be maintained (Hendershott v. Ottumwa (Iowa), 26 Am. R. 658; Mayo v. City of Springfield, 136 Mass. 10; Miles v. City of Worcester, 154

Mass. 511, 28 N. E. 676; 20 C. J. 778), or if a continuing nuisance results, the wrongful act may be enjoined. The rule has been thus stated: "The public have no right, in raising the grade of a street, to allow the filling to slide or encroach upon the adjoining land. Such an occupation of or encroachment upon adjacent property is actionable. This direct invasion of one's property is without right and might undoubtedly be enjoined." Lewis on Eminent Domain, 3rd ed., sec. 140, and many cases cited.

It follows from what has been said that the learned court below, finding, as it did, that the land occupied by the slope had not been taken, and no claim on account thereof considered in the original condemnation proceeding,—nor could have been, in view of the fact that no appropriation for such purpose was attempted,—properly granted relief to the plaintiff. The order made perpetually enjoining the maintenance of the fill should, however, be modified, and opportunity given the city to condemn the right to use the additional land for purposes of support, if it so desires. The mere fact that one condemnation proceeding has been instituted does not prevent a further taking when required: Rodgers v. Philadelphia, supra; Burkhard v. Penna. Water Co., 234 Pa. 41.

The assignments of error are overruled, and it is ordered that the judgment in this case be affirmed at the cost of appellant, all proceedings thereon to be stayed for sixty days after the return of the record to the court below; it is further ordered that if the City of Philadelphia shall, within said period, agree with the plaintiff upon the amount of compensation for the use and occupancy of the land covered by the fill, and referred to in the decree entered, or, upon failure to agree, shall take appropriate action to condemn and have assessed the damages sustained by the plaintiff, then the defendant shall have leave to apply to the court below for an order staying further proceedings; and it is also ordered

that if it shall fail to agree with the plaintiff as to the compensation, within the period of sixty days, or thereafter to condemn by appropriate proceedings and pay the damages which may be assessed, then the decree of the court below shall be and remain in full force and effect.

MR. JUSTICE FRAZER dissented.