## Strausz et ux. *v.* McKeesport, Appellant.

Argued September 28, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Harry M. Jones,* for appellant.

*Benjamin L. Steinberg,* with him *David S. Heimlich,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, November 26, 1934:

This is an appeal from the award of a board of viewers assessing damages for change of grade of the street in front of plaintiffs' property. The claim of appellant city is that the court erroneously permitted recovery upon the basis that the grade was changed for the entire width of the street 40 feet between property lines, whereas, in fact, only the grade of the cartway 24 feet wide was changed, and there was no alteration made in the grade of the footwalk of plaintiffs' property. The fact is that only the grade of the cartway was altered and the footwalk remains as it was.

The difficulty with the appellant's position is that the ordinance passed by the city provided for the grading of the entire width of the street and the plan filed by the city with the board of viewers and annexed to their report shows a contemplated complete grading for the entire width. With the proceeding and record in this shape, plaintiffs must now claim and recover their en-

tire damage. They cannot again make claim when the city grades beyond the curb line. If the city desired to limit the present recovery to the change of grade of the cartway, its ordinance and plan should have been prepared to show that fact. Not having done so, it must now meet all the damage which its ordinance covers. As was pointed out in A. H. Reid Creamery & Dairy Supply Co. v. Philadelphia, 274 Pa. 251, "A duly enacted ordinance defines the limits of the appropriation, and it is upon the basis of the taking, as so described, the damages must be assessed." The case at bar on its facts is not similar to Braucher v. Somerset Borough, 58 Pa. Superior Ct. 130, cited by appellant. The opinion in that case points out that there was no evidence that the borough, when it began the work or at any time during its progress, intended to do more than grade the cartway. Here, we have the ordinance providing for grading the entire width and the filing of a plan by the city with the board of viewers calling for a change of grade up to plaintiffs' property line. The city had the undoubted right to carry the changed grade to this point and still has the right so to do under the ordinance and the plan without liability for further damages: Dettra v. Phila., 245 Pa. 139. In Frick v. Phila., 60 Pa. Superior Ct. 283, also cited by appellant, the ordinance under which the change of grade was made confined the change to certain portions of the thoroughfare required to be changed for the purpose of eliminating grade crossings.

The judgment is affirmed.