## Thomas *v.* Versailles Township, Appellant.

Argued April 14, 1944.   Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*William A. Challener,* with him *M. Wilson Stewart,* for appellant.

*Harry M. Jones,* for appellee.

OPINION BY KENWORTHEY, J., July 15, 1944:

On appeal to the common pleas from the denial of an award by a jury of view, damages were recovered for a change of grade to the full 50 foot width of Vermont Avenue fronting appellee's property.   Actually,

only the grade of 30 feet in the middle of the street was paved. The sole question is whether appellant township must respond in damages for the full width or only the amount actually graded.

When Vermont Avenue was accepted in 1935 it was described in the petition and order as "being 50' wide." The work of opening and grading was performed by the Works Progress Administration upon petition of the supervisors. There was no official action directing the grade to be changed to any specific width. But when appellee instituted proceedings before the jury of view in 1942, the Township, in accordance with the Act of May 1, 1933, P. L. 103, art. X, §1008, 53 PS 19093-1008, furnished the viewers with a plan showing not only the completed paving to the width of the 30' but also the grade, by means of cuts and fills, to the full 50' width to the property line of appellee's property.

In our opinion, *Strausz v. McKeesport,* 316 Pa. 277, 175 A. 404, is controlling. It was there said:

"The difficulty with the appellant's position is that the ordinance passed by the city provided for the grading of the entire width of the street and the plan filed by the city with the board of viewers and annexed to their report shows a contemplated complete grading for the entire width. With the proceeding and record in this shape, plaintiffs must now claim and recover their entire damage. They cannot again make claim when the city grades beyond the curb line. If the city desired to limit the present recovery to the change of grade of the cartway, its ordinance and plan should have been prepared to show that fact. Not having done so, it must now meet all the damage which its ordinance covers . . . . . . Here, we have the ordinance providing for grading the entire width and the filing of a plan by the city with the board of viewers calling for a change of grade up to plaintiffs' property line. The city had the undoubted right to carry the changed grade to this point

and still has the right so to do under the ordinance and the plan without liability for further damages: Dettra v. Phila., 245 Pa. 139."

The only distinction between the Strausz case and the case at bar is that in the former there was an ordinance providing for the grading to the entire width of the street, whereas here the only official action indicating the extent of the grading consisted of the plan furnished by the Township to the viewers. But we think the Township is bound by the plan. "...... it is only by an examination of the authorizing ordinance, *or accompanying map*, that the amount of injury can be adequately determined by viewers" (Italics added): *Reid Creamery & Dairy Supply Co. v. Phila.*, 274 Pa. 251, 254, 118 A. 11. And although the plan specifies "what actually the Township had done in connection with the improvement" and that the actual paving was less than the full width, it also shows a contemplated complete grading to the entire width for which damages are presently recoverable: *Strausz v. McKeesport,* supra.

Judgment affirmed.