Henry, Appellant, *v.* Allegheny County.

Argued March 20, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Leonard M. Mendelson,* for appellants.

*Frank J. Zappala, Jr.,* Assistant County Solicitor, with him *John W. Mamula,* Second Assistant County Solicitor, and *Maurice Louik,* County Solicitor, for Allegheny County, appellee.

OPINION BY MR. CHIEF JUSTICE JONES, April 17, 1961:

The County of Allegheny appealed to the court below the viewers' award of $14,560 in favor of the plaintiffs as damages for a taking by the county of the property of the plaintiffs for highway improvement. The county denied liability on the ground that the statute of limitations was a bar to the plaintiffs' claim. The matter was submitted to the court below on a case stated whereon the hearing judge, adopting the county's contention, entered a compulsory nonsuit which the court en banc later refused to take off. From the ensuing judgment in favor of the county, the plaintiffs have appealed, their right so to do having been reserved in the case stated.

The material facts, as set forth in the case stated, disclose that on October 26, 1925, the Court of Quarter Sessions of Allegheny County approved the report of a grand jury which authorized and established Bower Hill Road as a 60-foot right of way running through the townships of Mt. Lebanon, Upper St. Clair and Scott. The plan attached to the grand jury report, which was placed of record, showed the property of the plaintiffs' predecessor in title as abutting on Bower Hill Road for a distance of 100 feet. The plan established center line elevations for the road, inter alia, opposite the easterly and westerly corners of the property here in question and approximately midway between the indicated easterly and westerly elevations.

The plan did not provide for any slope easement over or upon the property.

On October 19, 1926, the plaintiffs' predecessor in title obtained a building permit for the erection of a dwelling house and garage on the property. The rough-in phase of the work of constructing the house and garage was completed by December 19, 1926. Pursuant to a contract let by the County of Allegheny on November 16, 1926, a paved cartway 18 feet wide was constructed in 1927 along the center line of the 60-foot right of way. In constructing the cartway, the contractor raised the center line elevations a number of feet higher than established by the recorded plan attached to the grand jury report approved by the Court of Quarter Sessions in 1925.

No petition for the appointment of viewers to assess damages for the taking was ever presented by plaintiffs' predecessor in title.

On January 7, 1958, subsequent to the purchase of the property by the plaintiffs, the Commissioners of Allegheny County adopted a resolution providing for the relocation, widening, altering, opening to variable widths, improving and reconstructing of a portion of Bower Hill Road. This resolution was approved by the Court of Quarter Sessions on January 22, 1958. Referred to in the resolution and attached thereto was a condemnation plan showing an irregular slope easement of 550 square feet on the plaintiffs' property abutting on the 60-foot right of way. Pursuant to this resolution the County widened the cartway of Bower Hill Road from 18 to 44 feet and the Township of Mt. Lebanon entered upon the right of way and constructed sidewalks 7 feet in width together with curbs on either side of the paved roadway. The slope easement was utilized to support Bower Hill Road as widened and improved.

The property line elevations on Bower Hill Road bounding the front of the plaintiffs' property immediately following the widening and improvement of the highway in 1958 were approximately the same as the raised center line elevations adopted by the contractor in 1927, when the 18-foot cartway was constructed, and, consequently, were a number of feet higher than the elevations established by the recorded condemnation plan of 1925.

The floor of the plaintiffs' garage, which, it will be recalled, was constructed in 1926, is at an elevation of approximately 8 feet below the grade of Bower Hill Road as constructed pursuant to the widening and improvement resolution of 1958. Prior thereto, access to Bower Hill Road from the garage was had by crossing the unimproved portion of the 60-foot right of way. However, such access is no longer available since the construction work of 1958.

The plaintiffs concede that any claim for damages resulting from the establishment of the 60-foot right of way, provided for in the condemnation plan of 1925, or that may have arisen from the construction of the 18-foot cartway in 1927 at elevations higher than were designated on the condemnation plan of 1925, is barred by the statute of limitations. What they do contend for is a right to damages due to the increased elevations above those shown on the plan of 1925 along a portion of the road outside of the previously improved 18-foot cartway and for the taking of 550 square feet of their property for slope easement necessary for the lateral support of Bower Hill Road as widened in 1958.

The court below, citing *Strausz v. McKeesport*, 316 Pa. 277, 175 Atl. 404 (1934), and *Thomas v. Versailles Twp.*, 155 Pa. Superior Ct. 485, 38 A. 2d 396 (1944), held that the plaintiffs' predecessor in title, after the grading in 1927 of the 18-foot cartway at elevations above those provided for by the condemnation plan ap-

proved in 1925, was entitled to compensation for the grading of the entire 60 feet of right of way at the increased elevations and that the statute of limitations therefore bars the plaintiffs' present claim. The court also held that the slope easement was compensable in 1927 and that the claim for damages therefor is likewise barred by the statute of limitations.

When there has been a taking of a landowner's property by condemnation, he is entitled to a board of view for the assessment of his damage for the property so appropriated. A "taking" occurs when an entity clothed with the power of eminent domain condemns property in accordance with a statutorily authorized procedure or when such an empowered entity substantially deprives the owner of the beneficial use of his property. *Griggs v. Allegheny County,* 402 Pa. 411, 414, 168 A. 2d 123 (1961). In the instant case the change in the grade of Bower Hill Road from what the condemnation plan of 1925 provided for was not the subject of any statutorily authorized condemnation procedure until 1958; nor was the owner of the property in question substantially deprived of the beneficial use of his property because of any change in the elevation of the portion of the 60-foot right of way lying outside of the 18-foot paved cartway, constructed in 1927, until such change was actually made pursuant to the resolution approved by the Court of Quarter Sessions of January 22, 1958. Consequently, no right to petition for the assessment of damages for the taking occasioned by the change in grade of the 60-foot right of way outside of the 18-foot paved cartway accrued to the abutting property owners until 1958.

Neither was the 550 square feet of the plaintiffs' property which is now being used for the lateral support of Bower Hill Road the subject of a statutorily authorized condemnation proceeding until 1958, nor was the owner of the property substantially deprived

of the use thereof until the entry thereupon by the County in 1958. It follows, therefore, that no right existed in the owners to petition for the assessment of damages for the taking of the 550 square feet until 1958.

In *Braucher v. Somerset Borough,* 58 Pa. Superior Ct. 130 (1914), the defendant borough changed the grade of the middle 21 feet of the cartway of a street; the sidewalks and about 4 feet of the width of the cartway next to the sidewalks abutting each side of the street remained at the former level. The plaintiff, an abutting landowner, was awarded the sum that his property would have been damaged had the entire street been graded down to the level of the middle 21-foot cartway. The Superior Court, however, reversed the judgment for the property owner declaring that "If the borough at some future time, in pursuance of proper municipal action, proceeds to reduce these sidewalks to the grade of the cartway, and an injury results to abutting property, the right to recover for that injury will be in the parties who own the property at the time it occurs: [citing cases]."

The case of *Frick v. Philadelphia,* 60 Pa. Superior Ct. 283 (1915), involved a claim for damages due to the reconstruction and improvement of a street which had had an established right of way of 150 feet but had been opened only to a width of 80 feet. A city ordinance, designed to eliminate a railroad grade crossing, provided for the lowering of the 80-foot roadway which had been opened. The plaintiff, an abutting property owner, asked for damages for a change of grade of the entire 150-foot right of way. The Superior Court held, however, that the owner was entitled to damages only for the lowering of the elevations of the 80-foot cartway saying (at p. 290), "the plaintiff is entitled to recover for the actual grading that has been done and . . . if the city hereafter should grade the

remainder of the street, he, or the party then having the title, might recover damages and the record of the present proceeding could not be offered in bar of such action."

The cases cited by the court below to support its conclusion are not in point. In the *Strausz* case, supra, we affirmed a judgment in favor of abutting property owners for damages for a change of grade of the entire 40-foot width of a street fronting on their property although only the grade of a 24-foot cartway had actually been changed, but, in that case, a city ordinance and condemnation plan filed by the city with the board of view provided for a change of grade for the entire width of the street.

In the *Thomas* case, supra, the Superior Court affirmed a judgment in favor of an abutting property owner for damages for a change of grade of the full 50-foot width of the street fronting on his property although only a grade of 30 feet in the middle of the right of way was actually changed. But, in that case, the defendant township filed with the board of view a condemnation plan showing a change of grade, by means of cuts and fills, to the full 50-foot width of the street.

In the instant case the plaintiffs do not claim damages for anything encompassed by the condemnation plan of 1925. On the contrary, they are claiming damages for change in grade of a portion of Bower Hill Road in contravention to the specifications contained in that plan. Stated otherwise, their claim for damages is for a change of grade as provided for by the condemnation plan and resolution adopted in 1958.

Twice before, this Court has had occasion to decide similar cases. In *Borough of New Brighton v. Peirsol*, 107 Pa. 280 (1884), the property of the plaintiffs' predecessor in interest abutted on a street with a 60-foot right of way. In 1867 a portion of the street, approximately 25 feet in width, was raised 2 or 3 feet

and a roadway was constructed at that grade, the space between the roadway and the property of plaintiff's predecessor in interest "being but little filled up." In 1877 and 1878, after the property had been sold to the plaintiff, the borough widened the street to its full width of 60 feet, filling in and raising the height of the right of way outside of the 25-foot roadway to the height thereof. This court affirmed the money judgment for the plaintiff for damages resulting from the raising in 1877 and 1878 of the right of way outside of the 25-foot roadway which had been established in 1867.

In *Klenke v. West Homestead Borough*, 216 Pa. 476, 65 Atl. 1079 (1907), which involved a street with an 80-foot right of way upon the north side of which there was a township road 33 feet wide, the plaintiff had purchased property abutting on the south side of the right of way which was at a higher elevation than the township road. Later the borough by ordinance lowered the elevation of that portion of the right of way outside of the township road to the level of the township road. Thereafter, the plaintiff petitioned for the appointment of a board of view to assess damages for the "excavation and change of grade." We affirmed the judgment for the plaintiff, holding that "If she has been damaged by this change of the natural grade of the street, as it existed at the time she purchased the property . . . her right to recover is not open to question: [citing cases]."

The court below erred in holding that the taking for which the plaintiffs seek damages was compensable in 1927. It is plain enough that the taking did not occur until 1958 and therefore was not compensable until then. Consequently, the plaintiffs' action for damages is not barred by the statute of limitations.

Judgment for the defendant is reversed and the record remanded for such further proceedings as the

county may choose to pursue with respect to its appeal from the viewers' award.